WARREN COUNTY ORPHANS COURT.

IN THE MATTER OF THE GUARDIANSHIP OF MARY E. CORNINE, A LUNATIC.

Decided April 20, 1938.

For the petitioner, *J. M. Roseberry & Son* (*Harlan Besson,* of counsel).

For the guardian, *Demarest & Roth* (*Archie Roth*).

ROSECRANS, C. P. J. (Orally.) This matter comes up on the return of an order to show cause why an order of this court dated March 31st, 1938, appointing a guardian should not be vacated. The order of March 31st last, which is in question here was made by the former judge of this court on the last day of his term. It is regrettable that this application in effect compels a review of his order which no doubt was made with consideration of the facts but apparently they were not fully brought to his attention at the time the order was made. The original petition in this matter was filed pursuant to the provisions of the Revised Statutes being *Rev. Stat.* 3 :7-53 and the prayer was for the appointment of a guardian of a lunatic confined for the statutory period in a state institution. The record discloses that no notice whatsoever was given to the lunatic, Mary E. Cornine, nor was there a guardian *ad litem* appointed for her in this matter. It is elementary that no party, either competent or incompetent shall have judgment passed affecting his rights without adequate notice either by process or otherwise and an opportunity to be heard. The practice in the Orphans Court is similar to that of the Court of Chancery in respect to the notice required

to be given incompetents. The practice in Chancery is fully discussed in the case of *In re Martin,* 86 *N. J. Eq.* 265. Briefly, that practice is for process to be served upon the lunatic and if the lunatic does not appear by some interested party and apply for the appointment of guardian *ad litem* then the moving party or someone else interested in the proceedings or the court on its own motion may take proper steps to have the lunatic represented by guardian *ad litem* before any proceedings or any judgment may be taken affecting the rights of the lunatic. The practice in the Orphans Court as is pointed out, follows that in Chancery and the Orphans Court rules Nos. 46 and 47 relating to the appointment of guardians *ad litem* set forth the practice. The Orphans Court rules by statute are promulgated by the chancellor. It would be violative of the constitutional guarantee under the due process clause of the federal constitution to hold that a lunatic or any other person could have judgment passed upon him without adequate opportunity to be heard. Since in the case at bar involving the order of this court made and entered on March 31st last, a guardian of the property was appointed without any notice to the lunatic and without the intervention of a guardian *ad litem* that order of March 31st last, is a nullity. See *In re Braun's Estate,* 103 *Atl. Rep.* 412. The court has control over its own judgments and decrees and may act on its own motion to correct errors or may act upon the application of a party in interest. Suggestion has been made that the matter should be brought on and decided during the present term of December, 1937, during which term the order in question was made. Since it is not necessary to decide that issue at this time no opinion is expressed as to the court's power to reconsider and reopen a decree made upon facts such as are presented here in which jurisdiction is lacking, at a term posterior to that in which a decree was made. It follows that the order of this court made and entered on March 31st, 1938, appointing a guardian in this matter is a nullity and should be vacated *in toto* and that the original petitioner proceed as he may be advised

according to the rules and practice of this court. Counsel may submit a decree either by consent or on two days' notice but to obviate the necessity of deciding whether or no this court has power to pass upon and reopen an order made at a previous term, counsel are directed to present such order before the expiration of this term—that is on or before Monday, April 25th next.